# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

LANDMARK WEST ENTERPRISES, LLC.,

    Appellee,

vs.

XIANG YU REN,

    Appellant.

Case No. CIV-07-0281-F

## **ORDER**

This matter comes before the court on appellant Xiang Yu Ren's appeal from orders of the Bankruptcy Court for the Western District of Oklahoma granting appellee Landmark West Enterprises, LLC's motion for summary judgment and denying appellant's motion to reconsider that ruling. The issues have been fully briefed and are ready for determination.

The court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(a). When a district court reviews a decision of a bankruptcy court, findings of fact by the bankruptcy court shall not be set aside unless clearly erroneous. In re Anderson, 215 B.R. 792, 793 (10 Cir. BAP 1998). Conclusions of law are reviewed *de novo*. Anderson v. UNIPAC-NEBHELP (In re Anderson), 179 F.3d 1253, 1255 (10th Cir. 1999).

The court has carefully considered the bankruptcy court's order granting the motion for summary judgment of Landmark West Enterprises, LLC ("Landmark"). The summary judgment order held, in an eight-page order, that the debt owed to Landmark by Ren as a result of a California court judgment was excepted from discharge in Ren's bankruptcy case. In reaching that conclusion, the bankruptcy court

set out 13 separately numbered undisputed fact-findings. Upon review, this court finds and concludes that it agrees with each of these undisputed fact-findings. These facts include findings that the California judgment contained an award of $735,733.77, of which $500,000.00 was an award of punitive damages; that the California judgment indicates that the California court considered the plaintiff's written declaration in reaching its conclusions; and that the California judgment specified that it was "based upon a finding of fraud."

With respect to the legal issues, the bankruptcy court found that California law determines the effect of the California judgment in subsequent litigation. The bankruptcy court reviewed California law as set out in In re Cantrell, 329 F.3d 1119 (9th Cir. 2002), In re Harmon, 250 F.3d 1240 (9th Cir. 2001), and other cases. Applying California law to the undisputed facts, the bankruptcy court determined that the California judgment met the requirements for collateral estoppel with respect to the fraud issue, with the result that Ren was precluded from relitigating the issue of fraud in the adversary proceeding. Thus, the bankruptcy court concluded that Landmark was entitled to summary judgment in its favor on its claim of nondischargeability under 11 U.S.C. §523(a)(2)(A).

In support of this appeal, Ren argues that the doctrine of collateral estoppel should not apply to the California judgment, and that the elements required to establish fraud have not been met. (App.'s Principal Brief, doc. no. 9, propositions "a" and "b.") Having completed its review of these and all legal and factual issues raised by this appeal, the court finds and concludes that it concurs with the bankruptcy court's well-reasoned order granting summary judgment to Landmark. The court further finds that nothing would be gained by any further discussion of the issues here.

Accordingly, after careful study of the parties' submissions, the record, and the relevant legal authorities, this court finds no error with the bankruptcy court's findings

of fact or its legal conclusions.  The bankruptcy court orders which are the subject of this appeal are **AFFIRMED**.

Dated this 4th day of June, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0281p006(pub).wpd